UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

RONNIE RENTFROW,

      Plaintiff,

                                      Hon. Jane M. Beckering

v.

                                      Case No. 1:25-cv-00329

COMMISSIONER OF
SOCIAL SECURITY,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for EAJA Fees. (ECF No. 15). The Court recently remanded this matter to the Commissioner for further administrative action pursuant to sentence four of 42 U.S.C. § 405(g). Plaintiff's counsel now seeks $8,900 in attorney and paralegal fees. Pursuant to 28 U.S.C. 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be granted in part and denied in part.

Pursuant to the Equal Access to Justice Act (EAJA), the prevailing party in an action seeking judicial review of a decision of the Commissioner of Social Security may apply for an award of fees and costs. *See* 28 U.S.C. § 2412(d)(1)(A). While a prevailing party is not entitled, as a matter of course, to attorney fees under the EAJA, *see United States v. 0.376 Acres of Land*, 838 F.2d 819, 825 (6th Cir. 1988), fees and costs are to be awarded unless the Court finds that the Commissioner's position was "substantially justified" or that "special circumstances make an award

unjust." 28 U.S.C. § 2412(d)(1)(A).

The Commissioner has not asserted that his position in this matter was substantially justified.  Thus, counsel is entitled to an award under the EAJA.  The amount request by counsel, however, is not reasonable.  *See, e.g.,* 28 U.S.C. § 2412(d)(2)(A) (a request for EAJA fees must be "reasonable"); *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (the plaintiff has the burden to demonstrate that his EAJA fee request is reasonable).  Counsel requests to be compensated at an hourly rate of $247.81 for 34.87 hours of work.  Neither the requested hourly rates nor the time expended on this matter are reasonable.

This Court recently found reasonable an hourly EAJA rate of $204.75.  *See Belanger v. Commissioner of Social Security*, Case No. 2:20-cv-009, Opinion and Order, ECF No. 28 (W.D. Mich.) (finding that inflation and cost-of-living increases supported increasing the hourly EAJA rate from $175 to $204.75).  As at least one court in this District has noted, this amount is significantly higher than that paid to attorneys performing comparable work representing individuals in litigation against the federal government.  *See, e.g., Weaver v. Commissioner of Social Security*, 2021 WL 1269547 at *1 (W.D. Mich., Mar. 19, 2021).  While the Court is sympathetic to this position, it nevertheless finds reasonable an hourly rate of $204.75.

Likewise, the number of hours for which counsel seeks to be compensated is unreasonable.  Counsel seeks to be compensated for 34.87 hours of work of which nineteen hours represents the amount of time counsel expended to review the record and draft the "Statement of Facts" section of Plaintiff's initial brief.  The

administrative record in this matter contained barely one thousand pages of medical records, and the issues raised by Plaintiff in his appeal were neither novel nor complex. Skilled and experienced counsel does not reasonably require nineteen hours to accomplish this task. The Court finds that counsel can instead reasonably claim ten hours for this effort.

In sum, Plaintiff is entitled to be compensated for 25.87 hours of work at an hourly rate of $204.75 ($5,296.88). The $564.00 requested for 5.64 hours of paralegal work at an hourly rate of $100 is reasonable and compensable. *See Caplash v. Nielsen*, 294 F. Supp. 3d 123 (W.D.N.Y. 2018) (holding that an hourly paralegal rate of $100 was appropriate in determining EAJA fee award). Accordingly, the undersigned recommends that EAJA fees be awarded in the amount of five thousand, eight hundred sixty dollars and eighty-eight cents ($5,860.88). However, in light of the Supreme Court's decision in *Astrue v. Ratliff*, 560 U.S. 586 (2010), this order awarding EAJA fees must be entered in Plaintiff's favor. *Id.* at 591-93; see also, 28 U.S.C. § 2412(d)(1)(A) (the EAJA awards fees "to a prevailing party"); *Kerr v. Commissioner of Social Security*, 874 F.3d 926, 934-35 (6th Cir. 2017) (reaffirming that *Astrue* requires EAJA fees to be paid to the claimant).

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion for EAJA Fees (ECF No. 15) be granted in part and denied in part. Specifically, the undersigned recommends that Plaintiff be awarded five thousand, eight hundred sixty dollars and eighty-eight cents ($5,860.88) pursuant to the EAJA

3

and that such be paid directly to Plaintiff.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within such time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: January 13, 2026

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge